

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

May 10, 1961

Honorable Crawford Parker, Jr.
County Attorney
Panola County
Carthage, Texas

Opinion No. WW-1050

Re: Whether the Commissioners
Court has the authority to pass
and enforce a resolution pro-
viding for the retirement of
certain appointed employees
employed and supervised by the
Commissioners Court upon their
reaching retirement age and when
they are fully eligible for social
security?

Dear Mr. Parker:

You have requested an opinion on the following questions:

　　1. Does the Commissioners' Court of
Panola County, Texas, have the authority to pass
and enforce a resolution providing for the retire-
ment of certain employees directly employed and
supervised by the Commissioners Court, which
includes Road and Bridge Department Employees?

　　2. Does the Commissioners' Court of
Panola County, Texas, have the authority to pass
and enforce a resolution providing for the retire-
ment of certain employees and deputies of the
offices of County Clerk, County Tax Assessor-
Collector, District Clerk, County Judge, County
Sheriff, and County Attorney?

　　We are unable to find any statute dealing with the subject of retire-
ment of county employees upon their reaching a certain age and upon their
reaching the age of eligibility for social security. Articles 2351 through
2372j, Vernon's Civil Statutes, 1925, as amended, too lengthy to quote in
this opinion, give the Commissioners' Court of each County certain powers
connected with the office including the responsibility of employing persons
to perform work on jobs under the Court's jurisdiction such as positions
necessary to the upkeep of the roads and bridges of the respective counties.

The duties incident to the performance of the jobs under the Commissioners' Court's jurisdiction are necessarily performed under the direction of the Commissioners' Court acting as a unit and the Court is responsible for the acts of its employees in connection with the efficient performance of their duties. Since the Commissioners' Court has the responsibility for employees under its jurisdiction, it has the authority to hire and fire or make any reasonable regulations it so desires in connection with its employees, including the power to make and enforce orders as to the retirement of persons performing work under its jurisdiction.

Therefore, in answer to your first question, the Commissioners' Court does have the authority to pass and enforce a resolution providing for the retirement of appointed employees under their supervision and jurisdiction upon their reaching retirement age and when they are fully eligible for social security. However, the present Commissioners' Court or a subsequent Commissioners' Court can at any time rescind such resolution.

Article 3902, Vernon's Civil Statutes, reads in part as follows:

"Whenever any district, county or precinct officer shall require the services of deputies, assistants or clerks in the performance of his duties he shall apply to the County Commissioners' Court of his county for authority to appoint such deputies, assistants or clerks, stating by sworn application the number needed, the position to be filled and the amount to be paid. Said application shall be accompanied by a statement showing the probable receipts from fees, commissions and compensation to be collected by said office during the fiscal year and the probable disbursements which shall include all salaries and expenses of said office; and said court shall make its order authorizing the appointment of such deputies, assistants and clerks and fix the compensation to be paid them within the limitations herein prescribed and determine the number to be appointed as in the discretion of said court may be proper; provided that in no case shall the Commissioners' Court or any member thereof attempt to influence the appointment of any person as deputy, assistant or clerk in any office. Upon the entry of such order the officers applying for such assistants, deputies or clerks shall be

authorized to appoint them; . . . "

The elected officials of each county of the State of Texas, under the law, are given certain duties connected with the office which they are obligated to discharge and perform. In carrying out these functions, Article 3902, Vernon's Civil Statutes, above quoted, gives each official the authority to employ deputies, clerical workers, and other persons of his own choosing to work solely under his direction and supervision. The law holds the official responsible for the acts of his employees and the employees, in attending to and performing their duties, are responsible only to him.

The Texas Courts have repeatedly held that the Commissioners' Court is a Court of limited jurisdiction and has only such powers as are conferred upon it, either by express terms or necessary implication, by the statutes and constitution of the State. Childress County v. State, 127 Tex. 343, 92 S. W. 2d 1011 (1936); Von Rosenberg v. Lovett, 173 S. W. 508, (Civ. App. 1915, error ref.). As stated above, we have been unable to find any statute giving the Commissioners' Court the authority to make and enforce orders for the retirement of county employees upon reaching a certain age, therefore, the manner in which a public official performs the functions of his office, with the help of his authorized deputies, assistants and clerks, is not a responsibility of the Commissioners' Court.

As retirement of employees of elected officials on reaching a certain age may directly affect the discharging of the duties of the particular office, the responsibility for which is in the public official elected to such office, the Commissioners' Court not being charged with such responsibility, either expressly or impliedly, is not authorized to assume control and attempt to regulate the retirement of individuals employed by other elected officials.

Therefore, in answer to your second question, it is the opinion of this Department that the Commissioners' Court of a county does not have the authority to pass and enforce a resolution providing for the retirement of certain appointed employees, employed and supervised by other elected officials, upon their reaching retirement age and when they are fully eligible for social security.

## SUMMARY

The Commissioners' Court of Panola County has the authority to pass and enforce a resolution providing

for the retirement of appointed employees, employed
and supervised by the Commissioners' Court, upon
their reaching retirement age and when they are fully
eligible for social security; however, the present
Commissioners' Court or a subsequent Commissioners'
Court can at any time rescind the resolution.  The
Commissioners' Court has no authority to pass and
enforce such a resolution to cover appointed employees
under the control and supervision of other elected offi-
cials of the county.

Yours very truly,

WILL WILSON

By  Iola Barron Wilcox
Iola Barron Wilcox
Assistant

IBW/pe

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Dudley D. McCalla
Marietta McGregor Payne
Maston Courtney
W. Ray Scruggs

REVIEWED FOR THE ATTORNEY GENERAL

BY:          Morgan Nesbitt